IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41317
Summary Calendar
_____

DAVID EUGENE BUNDICK,

Plaintiff-Appellant,

versus

BAY CITY INDEPENDENT SCHOOL DISTRICT;
BAY CITY INDEPENDENT SCHOOL DISTRICT
BOARD OF TRUSTEES,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. G-98-CV-245
_____

August 6, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David Eugene Bundick appeals the denial of his motion to reinstate his case. Bundick argues that the district court abused its discretion in dismissing his case with prejudice for lack of prosecution because it did not give notice of a pretrial conference, did not consider a lesser sanction, and did not consider the lack of wrongdoing on the part of the plaintiff.

The motion to reinstate was not made within 10 days of the final judgment in the case and is construed as a Rule 60(b) motion. See Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 470

_____

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

(5th Cir. 1998), <u>cert. denied</u>, 119 S.Ct. 1143 (1999).  The notice of appeal was not timely as to the entry of judgment dismissing his claim but was timely as to the denial of Bundick's Rule 60(b) motion.  Thus, the only issue before the court is whether the district court abused its discretion in denying the Rule 60(b) motion.  See <u>Halicki</u>, 151 F.3d at 470.  Because the merits were never considered, we may vacate the denial for only a slight abuse of discretion.  See <u>id.</u>

Rule 60(b) is intended to allow the district court to do substantial justice.  See <u>Seven Elves, Inc. v. Eskenazi</u>, 635 F.2d 396, 402 (5th Cir. 1981).  In ruling on the motion, the district court did not expressly consider whether the dismissal was proper or whether Bundick's allegation that he was unaware of the pretrial conference was true.  See <u>Clofer v. Perego</u>, 106 F.3d 678, 679 (5th Cir. 1997).  The record lacks any evidence that Theresa Dean, Bundick's counsel of record, received notice of the September 2 conference, as required by the order of conference, from Bay City.  Further, even though the letter to Dean makes a reference to Rule 26(f), it does not clearly serve as notice of a conference because it does not mention a conference, it does not state the date of the conference, and it does not state that the parties were required to attend the conference.

The weight of the factors in favor of Bundick outweigh factors against him.  See <u>Halicki</u>, 151 F.3d at 470; <u>Seven Elves, Inc.</u>, 635 F.2d at 402.  Thus, the abuse of discretion is significant enough to warrant reversal.  See <u>Halicki</u>, 151 F.3d at 470.  Accordingly,

the district court's denial of the Rule 60(b) motion to reinstate is VACATED, and the matter is REMANDED for further proceedings.

VACATED and REMANDED.