IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 00-10120

Summary Calendar

---

ARTHUR WILLIAMS,

Plaintiff-Appellant,

versus

G.T.E. COMMUNICATIONS SYSTEMS CORP.,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Northern District of Texas
(3:98-CV-2720)

---

July 10, 2000

Before HIGGINBOTHAM, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Arthur Williams appeals the district court's grant of summary judgment in favor of GTE Communications Systems with respect to Williams's claim of retaliatory termination. Williams failed to file a timely notice of appeal of the judgment but did timely appeal the district court's denial of Williams's post-judgment motions for reconsideration. Consequently, we lack jurisdiction over this appeal except for the limited purpose of determining whether the district court abused its discretion in denying those

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motions. See Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 470 (5th Cir. 1998), cert. denied, 526 U.S. 1005 (1999).

GTE Communications Systems d/b/a GTE Supply fired Williams on July 16, 1998, after Williams allegedly destroyed an entire day's shipping information which was used for the tracking of purchases by GTE Supply's customers. Williams claims that his termination was in retaliation for filing racial discrimination claims with the EEOC.

The trial court found that Williams failed to establish a prima facie case of retaliation because he offered no evidence other than his subjective belief that the relevant decisionmakers had knowledge of the EEOC charges when he was terminated. Thus, Williams failed to establish a causal connection between his protected activity and the adverse employment action. See Chaney v. New Orleans Public Facility Management, Inc., 179 F.3d 164, 168 (5th Cir. 1999); Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 407-08 (5th Cir. 1999).

Alternatively, the trial court found that GTE Supply terminated Williams only after an investigation of complaints by other employees who reported that Williams had intentionally erased the shipping information from a computer disk. Because Williams presented no evidence that GTE Supply's reason for termination was pretextual, summary judgment was proper on this basis as well. See Shackelford, 190 F.3d at 408; Walton v. Bisco Indus., Inc., 119 F.3d 368, 370 (5th Cir. 1997).

2

On appeal, Williams presents no arguments related to the merits of his case but argues only that the district court should have asserted personal jurisdiction over the defendant. Personal jurisdiction, however, was asserted over the defendant and in fact has never been challenged by the defendant. Because Williams failed to raise any substantive issue regarding the dismissal of his retaliation claim, such issues may be deemed waived. See Huckabay v. Moore, 142 F.2d 233, 238 n.2 (5th Cir. 1998).

Even assuming that Williams preserved any error relating to the merits of his case, the district court did not abuse its discretion in denying Williams's motions for reconsideration. Williams's basis for reconsideration was the claim that he had "discovered new evidence not available at summary judgment." Williams argued that the relevant decisionmakers knew Williams previously filed an EEOC claim at the time of his termination because a third party mentioned that fact in their presence. Williams further argued that his termination was a pretext for discrimination because GTE Supply had a backup copy of the shipping information which he allegedly erased, implying there was no reason to fire him for destroying the other copy since the information was not lost. The district court denied the motions for reconsideration because Williams failed to explain why this new evidence was previously unavailable to him and because the new evidence was insufficient to establish that GTE Supply's explanation for the termination was a pretext for discrimination or to establish a

3

causal connection between Williams's protected activity and the adverse employment action.

Federal Rule of Procedure 60(b) allows a district court to relieve a party from a final judgment based on newly discovered evidence which could not have been timely discovered by due diligence. The district court did not abuse its discretion in denying Williams's motions because Williams provided no explanation for why this information was unavailable to him previously. Furthermore, the mere fact that an employer keeps a backup of vital information does not suggest that terminating an employee for intentionally destroying the primary copy of that information is a pretext for retaliatory discrimination.

AFFIRMED.