**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-30640**

_____

**DAVID JOHN SMYTH,**

**Plaintiff-Appellant,**

**versus**

**BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Middle District of Louisiana**
**(98-CF-916-B-M2)**

_____

April 9, 2001

Before GARWOOD, HALL,[1] and BARKSDALE, Circuit Judges.

PER CURIAM:[2]

The linchpin for this appeal is that, pursuant to the Federal Rules of Appellate Procedure, the appeal lies _only_ from the denial of a Rule 60 motion, _not_ from the underlying summary judgment challenged on appeal.  Accordingly, our standard of review is far more narrow.  Because David John Smyth's motion to set aside the judgment constituted a Rule 60 motion, we review _only_ for an abuse of discretion.  **AFFIRMED.**

_____

[1]Circuit Judge of the Ninth Circuit, sitting by designation.

[2]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should _not_ be published and is _not_ precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Smyth brought this action against Louisiana State University and its Board of Supervisors (collectively LSU), claiming violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* The magistrate judge recommended granting LSU's summary judgment motion. Smyth did *not* file objections to that report and recommendation. On 23 March 2000, after independently reviewing the record, and, for the reasons stated in the magistrate judge's report, the district court granted summary judgment for LSU. Judgment was entered that same day.

Almost four weeks later, on 19 April 2000, Smyth filed a motion, with supporting memorandum, to set aside the judgment, stating that, because Smyth had been, and was, working in England "the communication[s] between [Smyth] and his counsel [are] more time consuming than the inflexible rule for objections allowed for". But, judgment having been entered on 23 March, the motion was filed far outside the 10-day limit placed on Rule 59 motions to amend a judgment. FED. R. CIV. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."). Accordingly, the district court treated the motion as a Rule 60 motion for relief from a judgment or order. FED. R. CIV. P. 60 (allowing for relief from judgment); ***Halicki v. Louisiana Casino Cruises, Inc.***, 151 F.3d 465, 470 (5th Cir. 1998) ("As with untimely Rule 52(b) motions, and untimely Rule 59(a)

2

motions, a court may treat an untimely Rule 59(e) motion to alter or amend the judgment as if it were a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief." (quoting 1 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 60.03[4], at 60-24 (3d ed. 1998)), *cert. denied*, 526 U.S. 1005 (1999).

On 27 April, after stating that it was treating the motion as one pursuant to Rule 60, the district court denied the motion, concluding: "the plaintiff's reasons for setting aside the Court's judgment do not come within the Rule 60(b) standards [and t]he arguments made raise *no* new issues". (Emphasis added.) Although *not* required, the district court entered a judgment that same day. On 3 May, Plaintiff filed a notice of appeal "of the final judgment ... entered ... on 27 April 2000".

Under the Federal Rules of Appellate Procedure, the appeal lies *only* from the 27 April denial of the Rule 60 motion because the appeal period from the 23 March judgment (granting summary judgment) expired long before the 3 May notice of appeal was filed. FED. R. APP. P. 4(a)(1) (in civil case, notice of appeal *must* be filed within 30 days after judgment appealed from is entered). Filing the belated motion did *not* extend the time for appealing from the 23 March judgment. FED. R. APP. P. 4(a)(4)(A) (time to file appeal runs from entry of judgment disposing of Rule 59 motion *or of Rule 60 motion if latter filed no later than 10 days after*

3

*judgment entered*). Restated, the 19 April motion, *not* being filed within 10 days from the entry of the 23 March judgment, did *not* extend the period for appeal from that judgment. Therefore, as stated, at issue is *only* the ruling on Smyth's Rule 60 motion.

Regarding that ruling, "the decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed *only* for abuse of that discretion". *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) (emphasis added). The reason for our quite limited review is well-established and well-reasoned. "Appellate review of a denial of a rule 60(b) motion must be narrower in scope than review of the underlying order of dismissal so as not to vitiate the requirement of a timely appeal." *Huff v. Int'l Longshoremen's Assoc., Local #24*, 799 F.2d 1087, 1091 (5th Cir. 1986) (internal quotation and citation omitted).

As the district court stated, Smyth's Rule 60(b) motion, contrary to that Rule, presented *neither new* evidence *nor* any other "reason justifying relief from the operation of the judgment". FED. R. CIV. P. 60(b)(6). Instead, Smyth simply restated the reasons he originally presented to the magistrate judge in opposition to summary judgment. In essence, his motion stated the objections he had earlier failed to file to the magistrate judge's

4

recommendation regarding previously submitted evidence. The district court did *not* abuse its discretion in denying that motion.

***AFFIRMED***