# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

m 00-40295

---

WINDELL BROUSSARD,

Petitioner-Appellant,

VERSUS

GARY L. JOHNSON,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Texas
1:98-CV-2053

---

April 27, 2001

---

Before SMITH, BARKSDALE, and
PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Windell Broussard was convicted of murdering his estranged wife and her son and was sentenced to death. He filed a federal petition for writ of habeas corpus, whereupon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the state moved for summary judgment. Broussard's lawyers failed to respond to the motion, and the court granted summary judgment. The court denied relief from judgment under FED. R. CIV. P. 60(b).

Broussard seeks a certificate of appealability ("COA") from that denial, arguing that his attorneys' negligence prevented him from fully and fairly litigating his habeas claims and that the state court erred in not giving him more funds to litigate his claims. We deny the request for COA.

I.
Broussard had two attorneys: Paula Effle,

an experienced capital habeas litigator, and Joseph Hawthorne, a capital trial lawyer. Effle, the lead counsel, handled most of the work in developing the issues and preparing the petition. For health reasons, she left her law practice shortly after the filing of Broussard's habeas petition. Unfortunately, she failed to notify Hawthorne, who assumed that Effle was taking care of the case and took no steps to ensure that she was still performing her duties. Hawthorne received a copy of the motion for summary judgment but did nothing.

Broussard contends that this negligence should not be held against him. Rule 60(b) provides that

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . [or] (6) any other reason justifying relief from the operation of judgment.

FED. R. CIV. P. 60(b)(1), (6). Broussard suggests that either the attorneys' negligence was excusable or the circumstances justify relief.

### A.

The procedural posture of this petition presents an analytical difficulty: Broussard has requested a COA, yet his rule 60(b) relief is not susceptible to that analysis. A rule 60(b) motion alleging constitutional grounds for setting aside a conviction may be treated as a successive habeas petition under 28 U.S.C. § 2255. *United States v. Rich,* 141 F.3d 550, 553 (5th Cir. 1998). A federal court, however, may entertain a habeas petition only on the ground that the prisoner's confinement violates the laws, treaties, or Constitution of

the United States. 28 U.S.C. § 2254(a).

Broussard's motion for relief from final judgment under rule 60(b) makes no such claim; he argues only that he "was denied any opportunity for a full and fair treatment of his claims," but he states that "[t]his is not a constitutional claim per se." Even if Broussard possibly could have raised a due process claim under the Fourteenth Amendment, his disavowal of the constitutional nature of his claim precludes such a construction; he never even uses the term "due process." Thus, because he alleges no constitutional violation, this claim is no basis for habeas relief, so we deny COA on this issue.

### B.

We also may analyze Broussard's claim for rule 60(b) relief as an ordinary request for relief from judgment. Rule 60(b) may apply in habeas proceedings, *Gray v. Estelle,* 574 F.2d 209, 214 (5th Cir. 1978), without being subject to the successive petition restrictions of the AEDPA, *see* Randall S. Jeffrey, *Successive Habeas Corpus Petitions and Section 2255 Motions after the Antiterrorism and Effective Death Penalty Act of 1996: Emerging Procedural and Substantive Issues,* 84 MARQ. L. REV. 43, 66 (2000).

We review a rule 60(b) motion for abuse of discretion. *Halicki v. La. Casino Cruises, Inc.,* 151 F.3d 465, 470 (5th Cir. 1998). To prevail, Broussard must show either that the attorney's failure to respond to the motion for summary judgment was excusable neglect under rule 60(b)(1) or an extraordinary circumstance justifying relief under rule 60(b)(6). *See id.*; *Ackermann v. United States,* 340 U.S. 193, 202 (1950). The provisions are mutually exclusive: If a party is partly to blame for the delay, and the motion is brought,

as here, within one year, rule 60(b)(1) is used; if a party is prevented from complying with a deadline by an act of God or other circumstances beyond his control, we apply rule 60(b)(6). *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 393-94 (1993). Because Broussard's attorneys should have employed greater safeguards to ensure that action was taken, we use the "excusable neglect" analysis under rule 60(b)(1).[1]

We construe rule 60(b) liberally to ensure that close cases are resolved on the merits. *See Rogers,* 167 F.3d at 938. Indeed, "where denial of relief [under rule 60(b)] precludes examination of the full merits of the cause, even a slight abuse of discretion may justify reversal." *Halicki,* 151 F.3d at 471 (citing *Seven Elves v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981)).

We have found excusable neglect where attorneys have missed deadlines. Mere failure to file a timely appeal is not excusable, but where an attorney failed to file notice of a change of address and did not receive the opponent's motion for summary judgment until after a default judgment had been entered against his client, the court granted relief.[2] We have excused attorneys who did not show up for trial

in a slander suit. *Seven Elves,* 635 F.2d 396 (deciding that the district court had entered judgment without examining the full merits of the case or allowing appellants to present their side of the argument). We also have granted relief where an attorney failed to file an appearance in a medical malpractice suit. *Roberts v. Rehoboth Pharm., Inc.,* 574 F.2d 846 (5th Cir. 1978). Likewise, where an attorney missed by one day the deadline to file a meritorious appeal, the court granted a rule 60(b) motion. *Mann v. Lynaugh,* 690 F. Supp. 562, 565 (N.D. Tex. 1988) (internal citations omitted). We have found excusable neglect where the defendant did not realize he had the burden to prosecute subpoena proceedings after their removal to district court. *Sparks v. Gesell,* 978 F.2d 226, 233-34 (5th Cir. 1992).

An important component of the rule 60-(b)(1) analysis, however, is the concern that the court not disturb the finality of a judgment without good reason. *Cf. Rogers,* 167 F.3d at 938 (listing the merits of the defendant's claim as a necessary factor). We have gone to great lengths to avoid a miscarriage of justice: In *Gray,* 574 F.2d at 214, the court found that a district attorney's failure to call certain witnesses was not "excusable neglect" under rule 60(b)(1), but because the testimony of those witnesses probably would alter an important factual determination, the court concluded that the district court had abused its discretion. *Gray,* 574 F.2d at 214. Broussard must show "both the existence of a sufficiently meritorious defense and the absence of a fair opportunity to present that defense." *Seven Elves,* 635 F.2d at 403.

Assuming *arguendo* that Broussard did not have a fair opportunity to present his defense, his lack of a meritorious claim prevents us from reversing the denial of rule 60(b) relief.

---

[1] *Cf. Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 938 (5th Cir. 1999) (concluding that rule 60(b)(1) applied where a party had failed to take minimal steps to ensure that it received a copy of a complaint of which it was aware and to which it should have responded).

[2] *Compare Halicki,* 151 F.3d at 470 (denying relief where movant "misunderstood" the filing deadline for an appeal) *with Blois v. Friday,* 612 F.2d 938 (5th Cir. 1980) (finding excusable neglect).

In its thorough opinion, the district court carefully examined each of Broussard's claims but concluded that each was either procedurally barred or without merit or both.[3] Broussard presented not one close legal question on which additional argument could have affected the outcome. *Cf. Gray,* 574 F.2d at 214. "It is not enough that the granting of relief might have been permissible, or even warranted§§denial must have been so unwarranted as to constitute an abuse of discretion." *Seven Elves,* 635 F.2d at 402. Because no substantial injustice resulted, the district court did not commit reversible error.

### III.

In his rule 60(b) motion, Broussard avers that the state should have provided his lawyer with more money to investigate his habeas claims. This portion of the request for COA should be analyzed as a successive habeas petition. *See Rich,* 141 F.3d at 551. Although he does not say so explicitly, Broussard seems to suggest that the additional funds would have helped him to develop the factual record through evidentiary hearings. He does not identify specific factual questions that were inadequately developed by the state court, but he argues that his claims were "denied a full and fair hearing."

In its opinion, the district court indicates that the state conducted an evidentiary hearing on the application, and Broussard has not identified any specific way in which it was defective. Even assuming *arguendo* that Broussard has raised a constitutional claim under the Due Process Clause of the Fourteenth Amendment, he has not tied this claim to any previous claim in his habeas petition. Thus, we treat it as a new claim.

A new claim presented in a successive habeas petition shall be dismissed unless it contains

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the movant guilty of the underlying offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Broussard has not even suggested that he relies on a new rule of constitutional law, that he was previously unaware of the alleged insufficiency of the funds to pursue his claim, or that the additional funds would have proven his innocence. Thus, we cannot grant a COA on this claim.

Accordingly, the request for COA is DENIED.

---

[3] *Accord Halicki,* 151 F.3d at 471 ("Our case-law allows for more leniency in opening up *default* judgments, not those in which the court has had a chance to evaluate the merits.").