IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30306
cons. w./ 00-31030
cons. w./ 00-31241

_____

FRANCES P. TYLER,

Plaintiff-Appellant,

versus

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, Local
Union 130; ROBERT F. HAMMOND, III,

Defendants-Appellees.

_____

Appeals from the United States District Court for the
Eastern District of Louisiana
(98-CV-3522-R)

_____

September 10, 2001

Before KING, Chief Judge, JOLLY and EMILIO M. GARZA, Circuit
Judges.

E. GRADY JOLLY, Circuit Judge:[1]

The magistrate judge dismissed Frances P. Tyler's Title VII

claim against Local Union 130 of the International Brotherhood of

Electrical Workers ("Local 130"), on the ground that Local 130 had

less than fifteen employees and thus was not covered by Title VII.

Additionally, the magistrate judge awarded attorney's fees to Local

130 and when Tyler missed the thirty day period to file an appeal

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to this court from the order to pay attorney's fees, the magistrate judge denied Tyler's motion for an extension of time to file a notice of appeal from that order. In these consolidated appeals, Tyler challenges all three rulings. We conclude that the magistrate judge court correctly held that Local 130 was not covered by Title VII because Tyler failed to demonstrate that it had fifteen or more employees for at least twenty weeks during the relevant time period. We further conclude that the magistrate judge did not abuse her discretion by finding that Tyler failed to demonstrate excusable neglect in filing her notice of appeal one day beyond the deadline for appealing the order awarding attorney's fees. We therefore affirm the dismissal of Tyler's Title VII claim for lack of subject matter jurisdiction; affirm the denial of her motion for an extension of time to file a notice of appeal from the order awarding attorney's fees; and, lacking appellate jurisdiction over the order awarding attorney's fees, we dismiss her appeal from that particular order.

I

Tyler was hired by Local 130 as a clerical worker on July 24, 1997. She did not last long: she was fired approximately one week later, on August 1. She rebounded in November 1998, however, when she filed an action against Local 130, alleging that it discriminated against her on the basis of her race, in violation of

2

Title VII.[2]  The parties consented to proceed before a magistrate judge.

Local 130 moved for summary judgment, asserting that the Title VII claim should be dismissed, because Local 130 had less than the fifteen employees necessary for Title VII coverage.  The magistrate judge denied summary judgment, holding that Local 130 failed to demonstrate that any of the persons listed on its payroll did not have an employment relationship under traditional agency law.

Trial commenced in February 2000.  The parties agreed to bifurcate the trial and address first, in a bench trial, the issue of subject matter jurisdiction -- that is, whether the Local Union had enough employees to qualify as an employer under Title VII. The magistrate judge dismissed Tyler's Title VII claim for lack of subject matter jurisdiction because Tyler failed to establish that Local 130 had fifteen or more employees for twenty weeks during either 1996 or 1997.  In short, the second part of the bifurcated trial -- that is, the merits trial -- never saw the light of the courtroom.

Local 130 next moved for attorney's fees and costs, requesting $16,755.00 in fees and $1168.52 in costs.  In an order entered on

---

[2]Tyler also named as a defendant the Local Union's business manager, Robert F. Hammond, III, but later voluntarily dismissed her claims against him.  In addition to her Title VII claim, she also asserted claims for breach of contract and intentional infliction of emotional distress.  She did not appeal the summary judgment in favor of the Local Union on her breach of contract claim, and voluntarily dismissed her emotional distress claim.

July 17, 2000, the magistrate judge awarded Local 130 $8885.00 in fees and $311.30 in costs. Tyler filed a notice of appeal from the order awarding attorney's fees thirty-one days later, on August 17.

On September 8, Tyler moved to extend the time to file a notice of appeal from the order awarding attorney's fees, claiming excusable neglect because her counsel suffered a minor mental slip -- she did not connect with the important fact that the month of July has thirty-one days. She also contended that she waited until what she assumed was the last day to file a notice of appeal because she wanted to demonstrate good faith in conducting settlement negotiations with Local 130. The magistrate judge was not receptive to the proffered excuses and denied the requested extension, concluding that Tyler had failed to demonstrate excusable neglect.

## II

### A

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year...." 42 U.S.C. § 2000e(b). The magistrate judge's finding that Local 130 did not have fifteen or more employees for at least twenty weeks in 1996 or in 1997 is reviewed for clear error. See Robinson v. TCI/US West Communications, Inc., 117 F.3d 900, 904 (5th Cir. 1997) (clearly erroneous standard applies when dismissal for lack of subject

4

matter jurisdiction is based on resolution of disputed facts).

1

Tyler contends that Local 130 had nineteen employees, including five officers, who were employed for twenty or more weeks in 1996. This contention is inconsistent with her concession at trial that, in 1996, Local 130 did not have fifteen employees unless: Local 130 is considered as part of a single, integrated enterprise consisting of Local 130, the New Orleans Electrical Joint Apprenticeship Fund, the New Orleans Electrical Health and Welfare Fund, and the New Orleans Electrical Pension and Retirement Fund ("the Funds"). She argued at trial that, alternatively, even if employees of the Funds were not counted, Local 130 nevertheless had fifteen or more employees in 1997, because the officers of Local 130 must be counted as employees. Tyler cannot be allowed to take specific positions at trial and then, represented by new counsel, take inconsistent positions on appeal. See Gregory v. Missouri Pac. R. Co., 32 F.3d 160, 164-65 & n.12 (5th Cir. 1994).

Moreover, Tyler failed to present any evidence at trial as to the number of employees on Local 130's 1996 payroll. Contrary to her assertion in her brief, she did not introduce into evidence at trial Local 130's 1996 payroll records. Although those records are part of the summary judgment evidence, they are not relevant to our review of the magistrate judge's findings of fact because the evidence was not presented at trial. See Black v. J. I. Case Co., 22 F.3d 568, 570 (5th Cir. 1994) ("Once trial began, the summary

5

judgment motion effectively became moot." (internal quotation marks and citation omitted)).

On appeal, Tyler has now abandoned another contention she made at trial: that Local 130 had fifteen or more employees, not counting the Funds' employees, in 1997. Accordingly, we need not consider it. See United States v. Guerrero, 169 F.3d 933, 943 (5th Cir. 1999) (appellant abandons issues not briefed).

2

Alternatively, as an appellate argument, Tyler contends, as she did at trial, that Local 130 is part of a single, integrated enterprise consisting of Local 130 and the Funds, and that the fifteen-employee requirement is satisfied for both 1996 and 1997 when the Funds' employees are counted along with those of Local 130. Although Tyler presented evidence of the number of employees employed by the Funds, she presented no evidence that they were employed for at least twenty weeks during either 1996 or 1997. Accordingly, the magistrate judge did not clearly err by finding that, although Local 130 and the Funds comprised a single, integrated enterprise, Tyler failed to satisfy the statutory twenty-week minimum requirement.

In sum, because the magistrate judge's finding that Local 130 did not have fifteen or more employees for twenty or more weeks, either in 1996 or in 1997, is not clearly erroneous, the magistrate judge properly dismissed Tyler's Title VII claim for lack of subject matter jurisdiction.

Tyler argues that the magistrate judge abused her discretion by awarding attorney's fees to Local 130. Because her notice of appeal from the order awarding attorney's fees was untimely, we do not have jurisdiction to consider that issue unless we determine that the magistrate judge abused her discretion in denying Tyler's motion for an extension of time to file her notice of appeal from that order. See Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 467 n.1 (5th Cir. 1998) (timely notice of appeal necessary to exercise of appellate jurisdiction).

In her motion for an extension of time, Tyler asserted that she waited until the last possible day to appeal so as to be in good faith in conducting settlement negotiations with Local 130, but that her counsel failed to realize that July has thirty-one days. The magistrate judge implicitly determined that Tyler's counsel's good-faith participation in settlement discussions did not excuse counsel's neglect in failing to take the simple step of noting a calendar, something all reasonable persons might be expected to do when calculating the deadline for filing a notice of appeal. This determination was not an abuse of discretion. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993) ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect"); Halicki, 151 F.3d at 470 (when rule is unambiguous, district court's determination that neglect was inexcusable is

"virtually unassailable").

III

For the foregoing reasons, the judgment dismissing Tyler's Title VII claim for lack of subject matter jurisdiction, and the order denying her motion for an extension of time to appeal the order awarding attorney's fees to Local 130, are AFFIRMED.  Tyler's appeal from the order awarding attorney's fees is DISMISSED.

AFFIRMED in part; DISMISSED in part.