United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 6, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

————————————————

No. 03-10239
Summary Calendar

————————————————

LEROY LEE,

Plaintiff-Appellant,

versus

DONNA TANOUE, Chairman
Federal Deposit Insurance Corporation

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
Fort Worth Division
Civil Docket 4:01-CV-835-BE

_____

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

LeRoy Lee appeals the denial of his post-judgment motion
for new trial. Because Lee filed his motion more than ten days
after the district court entered final judgment, the motion is
properly characterized as a Fed. R. Civ. P. 60(b) motion. <u>Harcon</u>

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Barge Co., Inc. v. D & G Boat Rentals, Inc.</u>, 784 F.2d 665, 667 (5th Cir. 1986). Lee's notice of appeal, which specifically designates the post-judgment motion as the order being appealed, is timely only as to the denial of that motion. Thus, this Court reviews the district court's denial of the motion for an abuse of discretion. <u>See</u> <u>Halicki v. Louisiana Casino Cruises, Inc.</u>, 151 F.3d 465, 470 (5th Cir. 1998).

The district court granted the FDIC's motion for summary judgment, concluding that Lee failed to commence his civil action within the applicable 90-day window and also failed to exhaust his disability discrimination claim. Lee reasserted in his post-judgment motion the same argument as was contained in his opposition to the motion for summary judgment, namely, that his civil action was not time-barred. After reviewing the briefs and record, we find no error and affirm the district court's denial of the 60(b) motion.

**AFFIRMED.**