United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-30548
Summary Calendar

HAMID SAMADI,

Petitioner-Appellant,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL; BUREAU OF CITIZENSHIP
AND IMMIGRATION SERVICES, Mr. Eduardo Aquirre, Jr., Director;
CRAIG ROBINSON, INS Field Director for Louisiana District,

Respondents-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(2:03-CV-3576-C)

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Hamid Samadi, an Iranian native and citizen ordered deported from the United States, was detained for deportation in April 2003 by the Bureau of Immigration and Customs Service. Samadi filed a 28 U.S.C. § 2241 petition, challenging the constitutionality of his indefinite detention as a removable alien and contesting the validity of his immigration proceedings. Samadi was released from detention; and, on respondents' motion, the § 2241 petition was dismissed as moot to the extent it challenged the constitutionality

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the indefinite detention. Samadi filed a postjudgment motion, which was properly construed as a FED. R. CIV. P. 60(b) motion. In denying this motion, the district court observed that Samadi's collateral arguments against respondents' dismissal motion were not cognizable under § 2241.

For this *pro se* appeal, we must first determine the jurisdictional scope of our review. *E.g.,* **Mosley v. Cozby**, 813 F.2d 659, 660 (5th Cir. 1987). Samadi failed to file a timely notice of appeal from the underlying judgment denying his § 2241 petition. Therefore, we lack jurisdiction to review that order. *See* **Halicki v. Louisiana Casino Cruises, Inc.**, 151 F.3d 465, 468 (5th Cir. 1998), *cert. denied*, 526 U.S. 1005 (1999).

Samadi's notice of appeal was timely with respect to the denials of his Rule 60(b) motion; and his motion for an extension of time to file a second postjudgment motion. Rule 60(b) allows a court to relieve a party from a final judgment for reasons such as, *inter alia*: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... ; (3) fraud, ... misrepresentation, or other misconduct of an adverse party"; (4) a void judgment; or (5) "any other reason justifying relief from the operation of the judgment". FED. R. CIV. P. 60(b). Denial of a Rule 60(b) motion is reviewed for abuse of discretion. *E.g.,* **Edwards v. City of Houston**, 78 F.3d 983, 995 (5th Cir. 1996). Samadi has failed to contend or demonstrate that the district court

2

abused its discretion in denying his postjudgment motion.  *See*

***Seven Elves, Inc. v. Eskenazi***, 635 F.2d 396, 402 (5th Cir. 1981).

(Accordingly, Samadi's change of venue motion is **DENIED**.)

*AFFIRMED; MOTION DENIED*