# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 16-10432
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2016

Lyle W. Cayce
Clerk

In the Matter of: PRISM GRAPHICS, INCORPORATED,

>       Debtor,

BRYAN NETSCH; INTENSE PRINTING, INCORPORATED,

>       Appellants,

v.

DANIEL J. SHERMAN, as Chapter 7 Trustee for PRISM Graphics,
Incorporated,

>       Appellee.

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-455
USDC No. 3:15-CV-785

————

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Following the entry of final judgment in a Chapter 7 adversary proceeding, counsel for Appellants Bryan Netsch and Intense Printing, Inc.

————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10432

filed a notice of appeal after the fourteen-day deadline for filing the notice had passed. Appellants argued before the bankruptcy court that their counsel's error constituted excusable neglect and moved the court to extend the time for filing. The bankruptcy court denied Appellants' motion, and the district court subsequently affirmed. We AFFIRM.

## I. BACKGROUND

This appeal arises from a Chapter 7 bankruptcy case and subsequent adversary proceeding initiated by the debtor's Trustee, Daniel J. Sherman. On October 27, 2014, the bankruptcy court entered a final judgment against Appellants. The court later amended its final judgment on November 20, 2014, to correct a clerical mistake.

Federal Rule of Bankruptcy Procedure 8002(a) states that a notice of appeal must be filed with the bankruptcy clerk within fourteen days after entry of the judgment being appealed. In this case, the filing deadline was December 4, 2014; however, Appellants' counsel mistakenly calendared December 18, 2014, as the deadline for filing a notice of appeal. Appellants concede that missing the filing deadline was due to their "counsel's mistaken belief that Appellants had 28 days to file post-judgment motions, instead of 14 days."

After realizing the deadline had passed, Appellants filed both a motion to extend time and an untimely notice of appeal on December 16, 2014, twelve days after the deadline. Appellants urged the bankruptcy court to extend the filing deadline for the notice of appeal under Federal Rule of Bankruptcy Procedure 8002, which permits extensions for excusable neglect.[1] Finding that Appellants' mistake did not constitute excusable neglect, the bankruptcy court

---

[1] Rule 8002(c) permitted extensions for excusable neglect at the time of the final judgment and is discussed in the parties' briefs and the opinions below, as well as in Appellants' original motion to extend time. However, we note that Rule 8002(d), which became effective December 1, 2014, contains the current version of the rule regarding excusable neglect. The 2014 amendment did not change the rule's substance.

No. 16-10432

denied the motion to extend time, and the district court subsequently affirmed. This appeal followed.

## II. DISCUSSION

Under Federal Rule of Bankruptcy Procedure 8002, a bankruptcy court may extend the deadline for filing a notice of appeal if the movant demonstrates "excusable neglect." The term "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993) (discussing the standard for purposes of Federal Rule of Civil Procedure 60(b)). In *Pioneer*, the Supreme Court articulated the following factors that should be considered in determining whether there is excusable neglect: (1) "whether the movant acted in good faith"; (2) "the danger of prejudice" to the nonmovant; (3) "the length of the delay and its potential impact on judicial proceedings"; and (4) "the reason for the delay, including whether it was within the reasonable control of the movant." *Id.* at 395. This "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's" error. *Id.*

Appellants' main contention is that the bankruptcy and district courts improperly applied the factors articulated in *Pioneer* by placing undue emphasis on a single factor. In other words, Appellants argue that the lower courts treated one factor—the reason for the delay—as dispositive and thereby converted *Pioneer*'s balancing test into an all-or-nothing test. Appellants also contend that, in addition to the factors specifically mentioned in *Pioneer*, courts should consider whether the appeal is meritorious in determining whether there is excusable neglect.

We review excusable neglect determinations for abuse of discretion. *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007); *Latham v. Wells Fargo Bank*, 987 F.2d 1199, 1202 (5th Cir. 1993) (per curiam).

## A.    Merits of the Appeal

As an initial matter, we address Appellants' argument that courts should consider whether the party seeking the extension has a meritorious appeal. Although courts must "tak[e] account of all relevant circumstances surrounding the party's" error, the merits of the underlying appeal are not relevant to the question of whether "the failure to comply with a filing deadline is attributable to negligence." *Pioneer*, 507 U.S. at 394–95; *see also United States v. Nix*, 250 F.3d 738 (5th Cir. 2001) (unpublished table decision) (refusing "to review the merits of the underlying appeal in order to determine whether excusable neglect exists"). Accordingly, we instead focus on the lower courts' application of the factors articulated in *Pioneer*.

## B.    *Pioneer* Factors

The bankruptcy court's order discussed each *Pioneer* factor in turn and explained why the court ruled as it did. First, the court stated that Appellants' counsel acted in good faith and that counsel was candid as to the reasons for filing late. Second, the court indicated that the Trustee was probably not prejudiced by the late filing given that the Trustee already expected an appeal to follow. Third, the court noted that a twelve-day delay was long, but it reasoned that such delay was consistent with counsel's mistaken belief that Appellants had twenty-eight days within which to file an appeal. At this point in its analysis, the bankruptcy court stated "it might be inclined to find excusable neglect" if these were the only three factors.

However, the bankruptcy court concluded that the reason for the delay weighed strongly against finding excusable neglect. In its analysis of this factor, the bankruptcy court emphasized that the parties had been subject to the Federal Rules of Bankruptcy Procedure throughout the adversary proceeding, these rules were unambiguous, and Appellants' counsel confused the Federal Rules of Bankruptcy Procedure with the Federal Rules of Civil

No. 16-10432

Procedure. The bankruptcy court also indicated that confusing bankruptcy procedure with civil procedure does not constitute excusable neglect. Consequently, the court held that the reason for the delay should be given greater weight than other factors.

The *Pioneer* Court made clear that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." 507 U.S. at 392; *see also Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 469 (5th Cir. 1998) ("[A] misconstruction of the rules—especially when their language is plain—will rarely satisfy the 'excusable neglect' standard."). Therefore, the bankruptcy court properly applied Supreme Court precedent when it concluded that Appellants' confusing bankruptcy procedure with civil procedure did not constitute excusable neglect.

Appellants are correct that, in determining whether there was excusable neglect, courts must consider "all relevant circumstances surrounding the party's" mistake. *Pioneer*, 507 U.S. at 395. However, that is precisely what the lower courts did in this case. The bankruptcy and district courts' opinions devote several pages to the *Pioneer* factors and explain their reasoning in detail. The courts "considered all evidence [Appellants] proffered in support of [their] claim and made an equitable determination that an extension was unwarranted." *Halicki*, 151 F.3d at 469. "[N]o more is required." *Id.* Accordingly, we hold that the district court did not abuse its discretion in affirming the bankruptcy court's denial of the motion to extend time.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM.

5