# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2021

Lyle W. Cayce
Clerk

No. 20-40541

Carla Frew; Charlotte Garvin, *as next friend of her minor children* Johnny Martinez, Brooklyn Garvin and BreAnna Garvin; Class Members; Nicole Carroll, *Class Representative*; Maria Ayala, *as next friend of her minor children*, Christopher Arizola, Leonard Jimenez, and Joseph Veliz; Mary Jane Garza, *as next friend of her minor children*, Hilary Garza and Sarah Renea Garza,

*Plaintiffs—Appellants*,

*versus*

Cecile Young, M.D.; John William Hellerstedt, M.D.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 3:93-CV-65

Before King, Smith, and Haynes, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

Plaintiffs return to this court to challenge the district court's determination that, despite their status as a "prevailing party" under 42 U.S.C. § 1988, they are entitled to no fees. They appeal the court's underlying judgment and its ensuing denial of their motion to reconsider that judgment. But

No. 20-40541

because plaintiffs failed timely to appeal the underlying judgment, we lack jurisdiction to review it, requiring that we dismiss that portion of the appeal. Nonetheless, the denial of the motion for reconsideration properly is before us. Although the district court construed that motion under the incorrect Federal Rule of Civil Procedure, it nonetheless reached the proper result. We affirm the judgment accordingly.

## I.

This appeal is the latest canto in a litigation epic that has spanned nearly three decades. The case has wound its way through the courts, producing six earlier opinions from this court and one from the Supreme Court.[1] Mercifully, much of that snarled history is not relevant here—we can skip ahead to 2007.

In 2007, the parties agreed to eleven corrective-action orders ("CAOs") intended to bring Texas into compliance with a consent decree to which the parties had assented about a decade earlier. *Frew V*, 780 F.3d at 323–24. The consent decree was aimed at making improvements to Texas's implementation of Medicaid's Early and Periodic Screening, Diagnosis, and Treatment program. *Id.* at 323. The CAO at issue here, entitled "Check Up Reports and Plans for Lagging Counties," required the state to gather data by county regarding its provision of Medicaid services. As it collected data, the state was obliged to develop plans for increasing participation in counties that "lagged" behind others.

---

[1] *Frazar v. Gilbert*, 300 F.3d 530 (5th Cir. 2002) ("*Frew I*"), *rev'd sub nom. Frew ex rel. Frew v. Hawkins*, 540 U.S. 431 (2004) ("*Frew II*"); *Frazar v. Hawkins*, 376 F.3d 444 (5th Cir. 2004) ("*Frew III*"); *Frazar v. Ladd*, 457 F.3d 432 (5th Cir. 2006) ("*Frew IV*"); *Frew v. Janek*, 780 F.3d 320 (5th Cir. 2015) ("*Frew V*"); *Frew v. Janek*, 820 F.3d 715 (5th Cir. 2016) ("*Frew VI*"); *Frew v. Traylor*, 688 F. App'x 249 (5th Cir. 2017) ("*Frew VII*") (per curiam).

No. 20-40541

The CAO included a four-year "conference period," at the end of which the parties were to "confer to determine what further action, if any, [was] required." In the event they could not agree within ninety days of that conference, the court would step in to resolve the dispute. That's what happened here. The parties failed to agree, plaintiffs moved for further action pursuant to the Lagging Counties CAO, and defendants filed a competing motion to eliminate portions of that CAO. The district court denied plaintiffs' motion and granted defendants'.

Plaintiffs do not contest the resolution of those competing motions. Instead, the present dispute regards attorneys' fees for the plaintiffs' unsuccessful efforts related to the Lagging Counties CAO. The parties negotiated over the fees owed to plaintiffs' attorneys, agreeing in part and submitting a joint motion for an award of uncontested fees. But they were not able to agree on fees pertaining to the attorneys' efforts on the Lagging Counties CAO. Notwithstanding plaintiffs' overarching "prevailing party" status, defendants opposed awarding fees for their attorneys' efforts on the unsuccessful motions relating to the Lagging Counties CAO.

The district court determined that, even though plaintiffs "were ultimately unsuccessful on their motions related" to the Lagging Counties CAO, the defendants were required to pay the full cost of plaintiffs' fees "in connection with [those] motions." That conclusion was based on plaintiffs' "undisputed" status as "prevailing parties with regard to the Consent Decree and the [CAOs]."

The district court noted that the CAO "specifically contemplate[d] that Plaintiffs will seek court action," such as the motions regarding the Lagging Counties CAO, if the parties failed to agree at conference. Thus, precluding plaintiffs' attorneys from recovering "for work that is anticipated by the parties' agreements would deprive Plaintiffs of their victory in

3

procuring the [CAO]."

Defendants appealed, asserting "that because Plaintiffs were unsuccessful in extending the defendants' obligations under the lagging counties provision, they are not a 'prevailing' party." *Frew VII*, 688 F. App'x at 254. We disagreed, holding instead that plaintiffs "had an entitlement to fees as the round of motion practice was the final step contemplated under the 2007 [CAO]." *Id.* at 251. Nonetheless, because "prevailing party status does not automatically entitle a party to the full amount of attorneys' fees incurred," we vacated and remanded because the district court failed to perform a reasonableness analysis per *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). *Frew VII*, 688 F. App'x at 257–58.

On remand, the district court went to the opposite extreme and denied an award of any fees. Applying a two-factor test from *Hensley*, the court concluded "that the Plaintiffs' unsuccessful pursuit of their lagging counties motion was not related to the claims upon which they had been successful." It further held, without analyzing the question, that plaintiffs had failed to achieve a level of success that made the hours expended a satisfactory basis for making a fee award.

The court entered that order on April 7, 2020. Thirty days later, on May 7, 2020, Plaintiffs filed both a motion to stay the running of the time to file a notice of appeal and a motion to reconsider. The district court granted both motions the same day. Roughly two months later, on July 23, the court denied plaintiffs' motion for reconsideration. Plaintiffs filed a notice of appeal on August 13.

We now arrive at the crux of the present appeal—whether the district court committed reversible error when it denied all fees for the motions relating to the Lagging Counties CAO. But before we reach the merits of the fee dispute, we must determine whether we possess appellate jurisdiction to

No. 20-40541

review the underlying order.  We do not.

II.

Typically, an interim fee award "may not be immediately appealed as a final judgment" or "as a collateral order."  10 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE [hereinafter MOORE'S] § 54.158[1][a], at 54-260.1 (3d ed. 2020).  But we need not concern ourselves with the particulars of the collateral order doctrine—the law of the case dictates that the interim fee award at issue here is appealable as a collateral order.  *Frew VII*, 688 F. App'x at 253.  And "[a]n appealable collateral order is a 'final decision' under 28 U.S.C. § 1291 and must be appealed within the time specified by Appellate Rule 4."  19 MOORE'S, § 202.07[1], at 202-47.

A notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from."  FED. R. APP. P. 4(a)(1)(A); 28 U.S.C. § 2107(a).  Because that 30-day requirement has statutory roots in 28 U.S.C. § 2107, it is jurisdictional.  *See Bowles v. Russell*, 551 U.S. 205, 209–13 (2007).  Thus, if an appeal is untimely, we lack jurisdiction to entertain it.  *Id.*  The underlying judgment from which Plaintiffs appeal was entered on April 7.  Plaintiffs filed their notice of appeal on August 13, well beyond the 30-day window.

Nonetheless, certain postjudgment motions, if timely filed, toll the appellate deadline until the district court disposes of the motion.  FED. R. APP. P. 4(a)(4).  It is uncontested that plaintiffs moved for reconsideration on the 30th day after the judgment, falling within the deadline to appeal.  Thus, if properly construed as a timely motion under Rule 4(a)(4), the 30-day window to file a notice of appeal would have been tolled until the July 23 order.

Plaintiffs' motion conceivably could be construed as one of three different motions that Rule 4 permits to toll the appellate deadline. We could

5

No. 20-40541

construe it as a motion (1) "for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58," (2) "to alter or amend the judgment under Rule 59," or (3) "for relief under Rule 60." Rule 4(a)-(4)(A)(iii), (iv), (vi). Any of those motions, if filed "within the time allowed by" the applicable Rule, would toll the appellate deadline. Rule 4(a)(4)(A).

But, for a district court to extend the time to appeal under Rule 58, a Rule 54(d)(2) motion must "be filed no later than 14 days after the entry of judgment." FED. R. CIV. P. 54(d)(2)(B)(i); FED. R. CIV. P. 58(e). A Rule 59(e) motion fares no better, because it "must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). And, similarly, a Rule 60 motion will toll the appellate deadline only "if the motion is filed no later than 28 days after the judgment is entered." Rule 4(a)-(4)(A)(vi). The May 7 motion for reconsideration—filed 30 days after the district court entered judgment—was therefore not filed "within the time allowed by" any of the applicable rules under which the motion could have been brought. FED. R. APP. P. 4(a)(4)(A). Consequently, it failed to invoke Rule 4's tolling provision.

Irrespective of how we construe plaintiffs' motion, it was untimely for purposes of Rule 4—it failed to toll the deadline to appeal the April 7 order.[2] Accordingly, the August 13 notice of appeal was untimely, and we lack jurisdiction to review that order.[3]

---

[2] *See Hager v. Underwood*, 773 F. App'x 224, 225 (5th Cir. 2019) (per curiam) ("[Appellant's] 'petition to reconsider' did not extend [the time to appeal] because it was filed more than 28 days after the district court issued its judgment.").

[3] As defendants acknowledge, there is increasing momentum to treat the deadlines described above as mandatory claim-processing rules rather than jurisdictional requirements. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17–18 (2017); *see also Escribano v. Travis Cnty.*, 947 F.3d 265, 270–72 (5th Cir. 2020). "Mandatory claim-processing rules are less stern" than jurisdictional requirements because "they may be

No. 20-40541

III.

Dismissing the appeal of the April 7 order does not, however, dispose of the case in its entirety. Plaintiffs appeal both the April 7 order and the July 23 order denying their motion to reconsider. Because, as described below, there existed a procedural mechanism by which the district court properly could have entertained the motion to reconsider, and because Plaintiffs timely filed their notice of appeal as to that motion, we have appellate jurisdiction to review it.[4] We do so under an abuse-of-discretion standard. *Jordan v. Maxfield & Oberton Holdings, L.L.C.*, 977 F.3d 412, 419 (5th Cir. 2020).

A.

Although the motion for reconsideration failed to toll the appellate deadline, it is not entirely without effect. Instead, "a court may treat an untimely Rule 59(e) motion to alter or amend the judgment as if it were a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief."[5] The district court opted not to construe it as such because the fee award is an interlocutory order, appealable

---

waived or forfeited." *Hamer*, 138 S. Ct. at 17. Even still, when they are "properly invoked," they "must be enforced." *Id.* Because defendants raised the deadline in the district court and on appeal, it remains mandatory even if not jurisdictional. And applying those mandatory rules renders the appeal untimely, which *is* jurisdictional. *Bowles*, 551 U.S. at 211 ("[Section] 2107 contains the type of statutory time constraints that would limit a court's jurisdiction.").

[4] Judge Haynes recently laid the analytic framework that guides us: "Because [plaintiffs] moved for reconsideration after the 28-day deadline and did not file an appeal until more than thirty days after the [April 7 order, their] motion for reconsideration was a Rule 60 motion, and we lack jurisdiction over all the issues other than those pertaining to the Rule 60 motion." *United States v. Mtaza*, No. 19-20280, 2021 U.S. App. LEXIS 6825, at *21 (5th Cir. Mar. 9, 2021) (unpublished) (Haynes, J., concurring in part and dissenting in part).

[5] *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) (quoting 12 MOORE'S § 60.03[4], at 60-24 (3d ed. 1998)).

only under the collateral order doctrine. *Frew VII*, 688 F. App'x at 253. According to the district court, the fact that the order is "immediately appealable does not alter its interlocutory nature," so it was not a "final" decision. Instead, on reconsideration, the court construed the motion as arising under Rule 54(b). That was error.

Rule 54(b) permits a district court to "revise[] at any time" an order that is *not final*.[6] But "[a]n appealable collateral order," such as the one at issue here, "is a 'final decision' under 28 U.S.C. § 1291 and must be appealed within the time specified by Appellate Rule 4." 19 Moore's, § 202.07[1], at 202-47. Thus, although the interim fees award technically was an interlocutory order, because it was an "appealable collateral order," it was a "final decision." *Id.* Rule 54(b), which applies only to orders that are "not final," *Seidenbach*, 958 F.3d at 346–47, is inapplicable.[7]

To adopt the district court's reasoning to the contrary would be illogical. Under that approach, there is no limiting principle as to when plaintiffs could ask the district court to revisit the fee order, and thereby no limit as to when they could appeal it. And "[i]t will not do to permit a collateral order appeal to be taken at any time, perhaps years after the entry of the underlying order, by the simple device of moving to amend."[8] That concern is particularly salient here, where the litigation has spanned multiple decades. Instead, "[t]he most obvious approach would be to say that a motion to reconsider an

---

[6] Fed. R. Civ. P. 54(b); *see also Williams v. Seidenbach*, 958 F.3d 341, 346–47 (5th Cir. 2020) (en banc) ("[A]ny order that . . . is not final . . . may be revised at any time before final judgment." (cleaned up)).

[7] Plainly, an order cannot be subject to "the time specified by Appellate Rule 4," 19 Moore's, § 202.07[1], at 202-47, and simultaneously be "revised *at any time*," Fed. R. Civ. P. 54(b) (emphasis added), by the district court.

[8] 15A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters § 3911, at 358 (2d ed. 1991).

No. 20-40541

appealable collateral order is a motion under [] Rule 59(e) to 'alter or amend the judgment.'" *Id.*

Thus, Rule 59(e) was the proper procedural mechanism under which the district court ought to have considered the motion to reconsider. And because the Rule 59(e) motion was untimely, the district court should have treated it as a motion under Rule 60(b).[9]

But that error was harmless. The district court applied "the guiding principles of Rule 59(e)" to resolve the motion. That rule provides a "lower threshold" for a movant to prevail than does Rule 60(b).[10] Thus, "[p]ractical considerations . . . persuade us not to remand" for consideration under Rule 60(b). *Matter of Am. Precision Vibrator Co.*, 863 F.2d 428, 432 (5th Cir. 1989). Remanding for consideration under a more "exacting" standard, *Lavespere*, 910 F.2d at 173, when plaintiffs could not prevail under an easier one, would be a waste of time and resources.[11] We opt not to require the parties in this

---

[9] *See Halicki*, 151 F.3d at 470; *Ford v. Elsbury*, 32 F.3d 931, 937 n.7 (5th Cir. 1994) ("We have consistently stated . . . that a motion [for reconsideration] . . . will be treated as either a motion 'to alter or amend' under [R]ule 59(e) or a motion for 'relief from judgment' under Rule 60(b). Under which Rule the motion falls turns on the time at which the motion is served." (quotation omitted)).

[10] 12 MOORE'S, § 60.03[4], at 60-25 (comparing Rules 59(e) and 60(b) and explaining that "Rule 60(b) relief is an 'extraordinary remedy'" that "is granted only in 'exceptional circumstances'"); *accord Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173–74 (5th Cir. 1990) (stating that "Rule 59(e) . . . is not controlled by the same exacting substantive requirements" as Rule 60(b), and that "Rule 59(e) is not subject to the limitations of Rule 60(b)"), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).

[11] Although plaintiffs' briefs fail to assert that the motion for reconsideration was wrongly decided, save to explain (erroneously) that their objections to the underlying order "apply with equal force to the denial of Plaintiffs motion to reconsider," *contra Browder v. Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978) ("[A]ppeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review."), we have reviewed the district court's Rule 59(e) analysis. Applying the "usual deference" with which we review a Rule

No. 20-40541

long-running dispute to entertain that charade for the sake of formalism.[12]

The appeal from the April 7, 2020, order is DISMISSED for want of appellate jurisdiction.  The July 23, 2020, order is AFFIRMED.

---

60(b) denial, we find no reversible error. *Halicki*, 151 F.3d at 471.

[12] *Cf. Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020) ("If adding these claims would be futile on the merits, we will not remand for efficiency's sake.").