# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 27, 2022

Lyle W. Cayce
Clerk

No. 22-20076

iiiTec, Limited,

*Plaintiff—Appellant*,

*versus*

Weatherford Technology Holdings, L.L.C.; Marathon Oil Company; In-Depth Systems, Incorporated,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-3386

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:*

Appellant iiiTec appeals the district court's grant of summary judgment in favor of Appellees. Because iiiTec failed to timely file its notice of appeal, we GRANT Appellees' motion to dismiss for lack of jurisdiction and DISMISS the appeal.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 22-20076

## Background

This appeal involves a contract dispute over a complex assignment of intellectual property rights. In 2008, iiiTec agreed to develop Marathon's radio frequency identification (RFID) technologies and assign to Marathon all related intellectual property. Marathon then licensed certain RFID technologies to its subsidiary, In-Depth, who in turn sub-licensed its assigned IP back to iiiTec. In 2017, Weatherford Tech purchased all of Marathon's RFID technology and IP. Soon thereafter, iiiTec lost its sublicense to In-Depth's assigned IP due to nonpayment of royalties. iiiTec then sued Appellants in federal court.

The district court granted summary judgment for Appellees and entered final judgment on June 25, 2021. Twenty-eight days later, on July 23, iiiTec sought leave to file an extended motion to reconsider above and beyond the 25-page limit prescribed by the district's local rules. iiiTec attached to this filing a 53-page proposed motion to reconsider. Later that day, iiiTec filed a 14-page motion to alter, amend, or reform judgment under Federal Rules of Civil Procedure 59 and 60. On October 4, 2021, the district court denied iiiTec's request for a page limit extension and struck iiiTec's 14-page motion to alter. In its order, the district court granted iiiTec 45 days "to file one motion of no more than twenty-five pages." iiiTec filed a shorter motion to reconsider on November 2, which the district court denied on January 14, 2022. iiiTec filed its notice of appeal on February 10, 2022. Appellants subsequently moved to dismiss the appeal for lack of jurisdiction.

## Discussion

iiiTec's "failure to timely file" its notice of appeal "would deprive this court of jurisdiction." *Al-Qarqani v. Saudi Arabian Oil Co.*, 19 F.4th 794, 798 (5th Cir. 2021) (citing *Bowles v. Russell*, 551 U.S. 204, 214, 127 S. Ct. 2360, 2366 (2007)). A notice of appeal must be filed "within 30 days after

entry of the judgment or order appealed from."    FED R. APP. P. 4(a)(1)(A); 28 U.S.C. § 2107(a).

But a timely filed motion to alter or amend the judgment under Rule 59 will toll the period for filing a notice of appeal until 30 days after the court disposes of the motion.    FED. R. APP. P. 4(a)(4)(A).    Such a motion is timely if filed no later than "28 days from entry of the judgment, with no possibility of an extension." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (citing FED. R. CIV. P. 6(b)(2)).    A motion for relief under Rule 60 will similarly toll the deadline to appeal if "filed no later than 28 days after the judgment is entered."    FED. R. APP. P. 4(a)(4)(A)(vi).

Here, iiiTec filed two motions on July 23, 2021, the twenty-eighth day after judgment.    The first was a request to exceed the page limit on its proposed Rule 59/60 motion;[1] the second was a short 14-page motion to alter the judgment.    A request for leave to file is not one that can toll the deadline to appeal, but a motion to alter is.    *See* FED. R. APP. P. 4(a)(4)(A).    Thus, when the court struck iiiTec's motion to alter on October 4, the deadline to appeal reset to thirty days later on November 3.    But by that date, iiiTec still had not filed its notice of appeal; it had only filed another Rule 59/60 motion to reconsider.[2]    Under Rule 59, the motion was untimely for exceeding the strict 28-day period to file; and under Rule 60, the motion could not toll the deadline because it was filed more than 28-days after final judgment.    *See*

---

[1] iiiTec's characterizes the proposed motion attached to its request for a page limit extension as a motion to reconsider, arguing that it tolled the deadline independently of the motion to alter.    But iiiTec did not file the proposed motion.    Rather, it sought leave to file it.    As the motion was never filed, it could not toll the deadline to appeal.    Indeed, it appears iiiTec knew this, which is why it filed on the same day the short Rule 59/60 motion to alter.

[2] Although iiiTec appealed the denial of this motion, it does not raise the issue in its briefs or seek reversal of that order.    Failure to do so constitutes forfeiture.    *See Williams v. Henagan*, 595 F.3d 610, 615 (5th Cir. 2010).

No. 22-20076

*Banister*, 140 S. Ct. at 1703; *Frew v. Young*, 992 F.3d 391, 395 (5th Cir. 2021); Fed. R. App. P. 4(a)(4)(A)(vi).  Thus, iiiTec's notice of appeal, filed on February 10, 2022, was not timely.

For the foregoing reasons, Appellees' motion to dismiss the appeal from final judgment for lack of jurisdiction is GRANTED.  This appeal is DISMISSED.