# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 17, 2023

Lyle W. Cayce
Clerk

———————

No. 23-20243
Summary Calendar

———————

Masud Hamid,

*Plaintiff—Appellant*,

*versus*

State of Michigan; Michigan State Police,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-4038

———————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Masud Hamid has filed a motion to proceed in forma pauperis (IFP) in the instant appeal. Hamid's IFP motion challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Hamid's contention that he had 60 days to notice his appeal is incorrect. Because none of the parties were within the categories listed in Federal Rule of Civil Procedure 4(a)(1)(B), Hamid had "30 days after entry of the judgment or order appealed from" to file his notice of appeal, not 60 days. *See* FED. R. APP. P. 4(a)(1)(A), (B). His first motion for a new trial was filed less than 28 days after entry of the judgment dismissing his civil action; therefore, the 30-day period to file a notice of appeal ran from April 11, 2023, the date the order disposing of that Rule 59 motion was entered. *See* FED. R. APP. P. 4(a)(4)(v); FED. R. CIV. P. 59(e).[1] However, his second Rule 59-denominated motion did not further extend the time to appeal. *See Ellis v. Richardson*, 471 F.2d 720, 721 (5th Cir. 1973). Therefore, Hamid's notice of appeal, filed on May 26, 2023, is not timely from the judgment dismissing his 42 U.S.C. § 1983 complaint. Instead, the notice of appeal is timely only from the order of May 8, 2023, denying Hamid's second Rule 59-denominated motion.

Further, because the second Rule 59-denominated motion was filed outside the 28-day period applicable to such motions, it is treated as a Federal Rule of Civil Procedure 60(b) motion. See FED. R. CIV. P. 6(a)(1); FED. R. CIV. P. 59(e); *Frew v. Young*, 992 F.3d 391, 397 & n.9 (5th Cir. 2021). Pursuant to Rule 60(b), a party may obtain relief from a final judgment if he establishes (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) that the judgment is void; (5) that the judgment has

---

[1] We treat Hamid's first "new trial" motion as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996).

been satisfied, released, or discharged; is based on an earlier judgment that has been reversed or vacated; or applied prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b).

Hamid asserts that the district court erred in dismissing his civil rights claims on grounds of Eleventh Amendment immunity without considering the defendants' constitutional violations and their failure to comply with national security law. He contends that the defendants are not entitled to Eleventh Amendment immunity because their conduct violated the Fourteenth Amendment, and that they are not entitled to sovereign immunity because they acted with reckless disregard of his Fourth Amendment rights. Hamid argues that the defendants failed to provide evidence, violated the Freedom of Information Act, committed discovery violations, and destroyed evidence. In conclusory terms, he also faults the district court for denying his request to obtain video evidence.

Hamid's arguments challenge the district court's dismissal of his § 1983 complaint. However, his appeal from the denial of his Rule 60(b) motion did not bring the underlying judgment up for review. *See Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010). Hamid fails to raise any contention that the district court abused its discretion in denying his post-judgment motion. He has failed to brief, and has therefore abandoned, the relevant issue. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that even pro se appellants must brief arguments in order to preserve them).

In view of the foregoing, Hamid fails to show that his appeal will involve a nonfrivolous issue. *See Howard*, 707 F.2d at 220. Accordingly, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Hamid's motion to expedite the appeal is DENIED as moot.