# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2024

Lyle W. Cayce
Clerk

No. 24-30304

---

Yolanda Martin Singleton,

*Plaintiff—Appellant*,

*versus*

State of Louisiana, *Louisiana Department of Wildlife and Fisheries*;
Louisiana Wildlife and Fisheries Commission,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:20-CV-625

---

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

## I.

Yolanda Martin Singleton challenges the denial of her motion for reconsideration or motion for new trial on the award of attorney's fees and costs to Louisiana Department of Wildlife and Fisheries ("LDWF") and Louisiana Wildlife and Fisheries Commission ("LWFC") (collectively,

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30304

"Defendants"). Singleton sued Defendants alleging violations of Title VII of the Civil Rights Act of 1964 and the Family Medical Leave Act. After dismissing each of Singleton's claims, the court entered a judgment dismissing the case with prejudice.

Defendants then filed a motion for attorney's fees and costs, arguing that they were entitled to attorney's fees and costs because Singleton's claims were groundless, baseless, and frivolous. Singleton's attorney filed no opposition. The district court granted the motion and awarded fees and costs. Singleton's attorney then filed a motion for reconsideration of the attorney's fees order, or in the alternative, a motion for new trial, alleging that he never received notice of the motion for attorney fees because his email was inoperative. Singleton's attorney alleges that he did not receive electronic notice of case fillings because, in his words, his "email became inoperative by Microsoft disallowing the acceptance of emails."

In denying the motion for reconsideration, the district court noted that Singleton sought relief under Federal Rule of Civil Procedure 59(e),[1] which serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Allen v. Envirogreen Landscape Prof'ls, Inc.*, 721 F. App'x 322, 328 (5th Cir 2017) (quoting *Templet v. Hydrochem, Inc.*, 367 F. 3d 473, 479 (5th Cir. 2004)). Singleton failed to identify any manifest error of law or fact, she failed to present new evidence, and she failed to demonstrate an intervening change in the controlling law. Instead, Singleton's attorney asked the district court to reconsider the award of attorney's fees and costs based on his own negligence: he failed to monitor and maintain the e-mail account he had registered with PACER.

---

[1] Federal Rule of Civil Procedure 59(e) reads: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

No. 24-30304

The district court found that Singleton's argument was meritless and wholly insufficient to warrant the granting of a Rule 59(e) motion.

The district court went on to hold that if Singleton's motions were considered under Rule 60(b),[2] an even "more exacting standard" for relief would apply. *Frew v. Young*, 992 F. 3d 391, 397 (5th Cir. 2021) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F. 2d 167, 173 (5th Cir. 1990)). The district court noted that Singleton's motion would be similarly unsuccessful under a Rule 60(b) analysis.

## II.

"When a district court is presented with new evidence in a Rule 59(e) motion to alter or amend, and the court denies the motion, the standard of review depends on whether the district court considered the new evidence in reaching its decision." *Grant v. Harris County*, 794 F. App'x 352, 358 (5th Cir. 2019) (unpublished) (citing *Templet*, 367 F.3d at 477). "If the materials were considered . . . and the district court still grants summary judgment, the appropriate appellate standard of review is de novo." *Catalyst Strategic Advisors, L.L.C. v. Three Diamond Cap. Sbc, L.L.C.*, 93 F.4th 870 (5th Cir. 2024) (quoting *Templet*, 367 F.3d at 477). Because the district court considered the affidavit attached to Singleton's motion, explaining for the first time his failure to respond to the motion for attorney's fees, we review de novo.

---

[2] Federal Rule of Civil Procedure 60(b) reads: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [ . . . ] (6) any other reason that justifies relief.

No. 24-30304

## III.

On appeal, Singleton challenges the denial of her motion for reconsideration or motion for new trial on two grounds. First, she asserts a due process violation based on a lack of notice. Second, she argues that the district court improperly applied *Templet*.

As we have said, Singleton contends that denying her motion for reconsideration violated due process, but what Singleton describes as "lack of notice" is her counsel's failure to monitor and maintain his email. She cites no authority, nor are we aware of any, to support her position that due process requires, in her counsel's words, a "trial Court[,] before ruling on the issue of attorney fees and costs, [to] call[] Counsel for the Plaintiff or sen[d] a correspondence to Counsel for the Plaintiff."

Her argument that the district court improperly applied *Templet* is similarly meritless. In that case, we held that "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet*, 367 F.3d at 479 (cleaned up). Singleton fails to cite a single item of evidence that would entitle her to a hearing on a motion for reconsideration. Singleton's unawareness of the Defendants' filling a motion for attorney fees and costs does not constitute evidence of anything other than her counsel's failure to monitor the status of her case. This failure on his part is not a basis for the relief she seeks under Rule 59(e).

Although the parties and the district court analyze the motion for reconsideration under Rule 59(e), it not apparent that the rule governs a post-judgment motion for attorney's fees. *See Knighton v. Watkins*, 616 F.2d 795, 797 (5th Cir. 1980) ("[A] motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment. It is, therefore, not governed by the provisions of Rule 59(e)."). Since Singleton's motion fails under the less

No. 24-30304

stringent standard of Rule 59(e), it also fails under Rule 60(b)'s "more exacting standard." *Frew v. Young*, 992 F. 3d at 397. In other words, Singleton loses under either rule.

IV.

In sum, the failure to receive notice of the motion for attorney's fees in this case is no excuse or reason to review the district court judgment awarding attorney's fees to the Defendants. Accordingly, the district court's denial of Singleton's motion for reconsideration and motion for new trial is, in all respects,

AFFIRMED.