# United States Court of Appeals for the Fifth Circuit

---

No. 24-60609
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2025

Lyle W. Cayce
Clerk

Johnny Johnson; Beth Ann Johnson,

*Plaintiffs—Appellants*,

*versus*

Travelers Personal Insurance Company,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:23-CV-526

---

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

The Johnsons sued their insurance company, Travelers. The district court granted summary judgment against the Johnsons. Their notice of appeal as to summary judgment is untimely. The Johnsons moved for the district court to reconsider its summary judgment order under Federal Rule

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of Procedure 59(e). But they waived that argument on appeal. Accordingly, the judgment of the district court is AFFIRMED.

## I.

Below is a timeline of events:

- August 30, 2024: the district court granted Travelers' motion for summary judgement.
- September 30, 2024: the Johnsons filed motions for reconsideration.
- October 29, 2024: the district court denied the motions for reconsideration.
- November 26, 2024: the Johnsons filed notice of appeal.

Rule 59(e) offers only 28 days for a party to file a motion for reconsideration following the entry of judgment. FED. R. CIV. P. 59(e). The Johnsons' motions were filed 31 days after the entry of judgment. Accordingly, the district court denied the motions as untimely.

## II.

We consider a timely notice of appeal to be mandatory and jurisdictional. *Smith v. Smith*, 145 F.3d 335, 339 (5th Cir. 1998). *See also Frew v. Young*, 992 F.3d 391, 395 (5th Cir. 2021) ("Because that 30-day requirement has statutory roots in 28 U.S.C. § 2107, it is jurisdictional.").

## III.

The Johnsons appeal both the order granting summary judgment and the order denying reconsideration.

As to summary judgment, the Johnsons' Rule 59(e) motion was filed 31 days after the entry of the judgment and is untimely. *Moody Nat'l Bank of Galveston v. GE Life & Annuity Assurance Co.*, 383 F.3d 249, 250 (5th Cir.

2004) (citing FED. R. APP. P. 4(a)(1)(A)). The motion fails to toll the 30 days that the Johnsons had to notice their appeal. *Id.* (citing Fed. R. App. P. 4 (a)(4)(A)(iv)); *Frew*, 992 F.3d at 395. We thus lack jurisdiction to hear the appeal as to summary judgment. *Smith*, 145 F.3d at 339.

As to reconsideration, the Johnsons fail to make even a passing mention to the issue, instead focusing on summary judgment (over which we have no jurisdiction). Travelers thus argues that the Johnsons have waived the issue. Travelers cites *Sanders v. Unum Life Ins. Co. of Am.*, 553 F.3d 922, 926–27 (5th Cir. 2008), in support of its argument that we should deem the reconsideration issue waived. In that case, we explained, "[m]erely mentioning a claim does not constitute a supported argument or adequate briefing . . . [and] mere reference to the [] question in the opening brief constitutes a waiver." *Id.* Here, the Johnsons fail to even reference the reconsideration issue. And unlike in *Sanders*, where the appellant addressed the waived issue in its reply brief,[1] the Johnsons did not file a reply brief. Thus, the Johnsons waived the issue of reconsideration.

## IV.

In sum, the Johnsons filed an untimely notice of appeal and waived their remaining argument. The judgement of the district court is, in all respects,

AFFIRMED.

---

[1] Note that we still found the issue to be waived because a party cannot raise an issue for the first time in a reply brief. *Id.*