# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2025

Lyle W. Cayce
Clerk

No. 24-30557

———————

Mark Hanna,

*Plaintiff—Appellant*,

*versus*

John Bel Edwards; James LeBlanc; Eugene Powers; Whalen Gibbs; John Hooper; Et al.,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CV-537

———————————————————

Before Jones, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Mark Hanna, Louisiana prisoner #132872, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his civil rights action for failure to comply with an order of the district court and for failure to prosecute, as well as from the denial of his postjudgment motions. By moving for leave to proceed IFP on appeal, Hanna challenges

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30557

the district court's certification that the appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

As a preliminary matter, we must examine the basis of our jurisdiction. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal in a civil case is a jurisdictional prerequisite when, as in the instant matter, the time limit is set by statute. *See Bowles v. Russell*, 551 U.S. 205, 213-14 (2007); 28 U.S.C. § 2107(a).

The district court dismissed Hanna's civil action on May 29, 2024. Hanna then filed for reconsideration on July 8, 2024. Because Hanna's motion for reconsideration of the dismissal of his civil action was filed outside the 28-day period allowed for filing a Federal Rule of Civil Procedure 59(e) motion, it did not toll the time for filing a notice of appeal. *See* Fed. R. Civ. P. 59(e); *Vincent v. Consol. Operating Co.*, 17 F.3d 782, 785 (5th Cir. 1994). Hanna's notice of appeal, filed on or about August 19, 2024, was therefore not timely from the judgment dismissing his civil action and this court lacks jurisdiction over Hanna's appeal of that judgment. *See Bowles*, 551 U.S. at 214. Accordingly, the appeal is DISMISSED IN PART for lack of jurisdiction.

Hanna has timely appealed from the August 7, 2024, denial of his motion for reconsideration, which is properly treated as a Federal Rule of Civil Procedure Rule 60(b) motion. *See Frew v. Young*, 992 F.3d 391, 397 (5th Cir. 2021); Fed. R. App. P. 4(a)(1)(A). He has also timely appealed from the October 7, 2024, denial of a Rule 60(b)-denominated motion. *See* Fed. R. App. P. 4(a)(1)(A). Rule 60(b) permits relief from a final judgment if the party shows: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... , misrepresentation, or misconduct by an opposing party; (4) the

judgment is void; (5) the judgment has been satisfied, released, or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A Rule 60(b) motion "may not be used as a substitute for the ordinary process of appeal once the time for such has passed." *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695 (5th Cir. 1983).

In his IFP pleadings, Hanna lists a number of issues for appeal. He contends that he was unable to comply with the district court's order that he file an amended and superseding complaint because he did not have a copy of his pleadings and did not have enough time to obtain a copy. He asserts that prison officials were at fault with respect to his inability to comply with the district court's order. Hanna also argues that the magistrate judge's assessment of the improper joinder issue lacked sufficient detail to guide the district court to a correct result as to the application of Federal Rule of Civil Procedure 20(a) and that the district court's conclusion regarding improper joinder under Federal Rule of Civil Procedure Rule 18 was incorrect. He contends that the district court's judgment dismissing his case should be reversed because Federal Rule of Civil Procedure 21 prohibits dismissing a case on account of misjoinder of claims or parties. Hanna also takes issue with the "Blanket Policy" of allowing only 14 days to file objections to reports of the magistrate judge, and with the district court's practice of requiring prisoners to handle account statements that must be processed by prison officials. Additionally, Hanna asserts in conclusory fashion that striking his pleadings was inappropriate and prejudicial, that his claims were not unexhausted, and that the magistrate judge provided inadequate details to guide the district court to a reliable result on the exhaustion issue.

However, Hanna makes no mention of his postjudgment motions, or the district court's denials of such motions, in his listing of issues. Though timely, his appeals of the denial of his Rule 60(b) motions did not bring the underlying judgment up for review. *See Bailey v. Cain*, 609 F.3d 763, 767 (5th

Cir. 2010). Hanna thus fails to raise any discernible reason that the district court abused its discretion in denying his Rule 60(b) motions. *See Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998). He has failed to brief, and has therefore abandoned, the relevant issues. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that even pro se appellants must brief arguments in order to preserve them).

Because Hanna fails to show that his appeal raises a nonfrivolous issue, his motion to proceed IFP is DENIED, and the appeal is DISMISSED IN PART as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.